UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY UNITED STATES

| | | |
|---|---|---|
| **UNITED STATES** | : | |
| | : | |
| v. | : | **Crim. No. 09-343-001** |
| | : | |
| **CORY MELVIN** | : | |

**Memorandum of Law**
**In Support of Motion to Terminate Supervised Release**

Cory Melvin has done extraordinarily well on supervised release since his release from prison on July 14, 2017. He has worked steadily, continued and strengthened his relationships with his children and new wife, and impressed his Probation Officer. For these reasons, he moves for an Order terminating his supervised release.

**I.   Background**

Mr. Melvin pleaded guilty to seven counts of a seven-count indictment on August 19, 2009. Presentence Investigation Report ("PSR"), ¶9. He was sentenced on April 5, 2011 to a total term of 121 months' imprisonment, consisting of 120 months on each of counts 1, 2, 3, 4 and 5 to run concurrently with each other, and 60 months on counts 6 and 7 to run concurrently with each other and consecutively to counts 1, 2, 3, 4, and 5 to the extent necessary to produce the total term. *See* Judgment of Conviction, ECF 47. He was also sentenced to a three-year term of supervised release on each of counts 1 through 7 to run concurrently with each other. *Id.* Mr. Melvin's offenses carried no mandatory term of supervised release. PSR, ¶127. He pleaded guilty without a plea agreement and, therefore, without

waiving his rights to move for early termination of supervised release. *See* PSR, ¶126. Mr. Melvin has served well over a year of his term of supervised release.

## II. Early Termination of Probation is Available and Appropriate Given Mr. Melvin's Progress.

Mr. Melvin is eligible for early termination because he has completed more than a year of his supervised release sentence, and he is an appropriate candidate for early termination because of his progress and his circumstances. The statute governing early termination provides:

> (e) The court may, after considering the factors set forth in section 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7), terminate a term of supervised release and discharge the defendant released at any time after the expiration of one year of supervised release, pursuant to the provisions of the Federal Rules of Criminal Procedure relating to the modification of probation, if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.

18 U.S.C. § 3583(e)(1).[1] Thus, the statute directs the Court to consider, to the extent applicable, those factors under 18 U.S.C. § 3553(a) it considered when imposing sentence, including the nature and circumstances of the defendant's offense, the defendant's history and characteristics, the need to deter criminal conduct, the need to protect the public from further crime by the defendant, and the need to provide the defendant with rehabilitative treatment. After weighing these factors, the Court has broad discretion to discharge the defendant from his remaining term of supervision.

The Judicial Committee on Criminal Law has recognized early termination of supervised release as an important tool for ensuring the most effective use of precious human and financial resources. *See* Memorandum re: Cost-Containment Strategies Related to Probation and Pre-Trial Services Offices, Committee on Criminal Law of the Judicial Conference of the United States at 2 (Feb. 16, 2012) ("Terminating appropriate cases before they reach their full term saves resources

---

[1] The punitive purpose of sentencing, section 3553(a)(2)(A), is not listed as a consideration.

and allows officers to focus on offenders who continue to pose the greatest risk of recidivism."). *See also* Laura M. Baber and James L. Johnson, *Early Termination of Supervision: No Compromise to Community Safety*, 77-SEP Fed. Probation 17, 21–22 (2013) (reporting results of study indicating that early termination does not compromise community safety and noting "significant" cost savings).

Mr. Melvin realizes that early termination of supervision is not granted as a matter of course, but subject to this Court's discretion. As the Second Circuit recognized, however,

> [o]ccasionally, changed circumstances - for instance, exceptionally good behavior by the defendant or a downward turn in the defendant's ability to pay a fine or restitution imposed as conditions of release - will render a previously imposed term or condition of release either too harsh or inappropriately tailored to serve the general punishment goals of section 3553(a).

*United States v. Lussier*, 104 F.3d 32, 36 (2d Cir. 1997).

Mr. Melvin respectfully submits that his post-offense conduct and successful completion of well over one year of supervised release warrant this Court's granting his request for early termination of his supervision sentence. His overall adjustment to supervision has been excellent. He is crime-free, incident-free, and is steadily employed in not just one but two jobs. He has completed 21 months of his three-year supervision term and represents no danger to the public. No need is served by continuing his supervision. Given his progress, compliance with the terms of supervision, terminating Mr. Melvin's term of supervision would serve the interests of justice by allowing the Probation Office to invest its resources in the supervision of those who truly need it.

### III. The § 3553(a) factors support early termination.

The factors in 18 U.S.C. § 3553(a) guide the determination whether to terminate supervision. Mr. Melvin was released from prison on July 14, 2017 to a halfway house in Florida. He was transferred from the halfway house to home confinement almost immediately. He lives with his wife in Pompano Beach, and is supervised by the Probation Office of the Southern District of Florida. While on

home confinement, he began working at Ocean Car Rental, where he continues to work part-time, washing cars and taking people to and from the airport. He worked a second job as well, at Sherwin Williams, but left that job in February 2018 for a better-paying one at Ryder Integrated Logistics, Inc., as a commercial truck driver, making good use of his commercial truck driver's license.

His schedule now is demanding. He works the night shift at Ryder, from 1 am to 2:45 pm five and sometimes six days a week, earning $21.50 per hour. From there, he goes to his part-time job at Ocean Car Rental for two hours five times per week, for $11 per hour. After work, he jogs two or three miles, and then rests up for the next day. He reserves Sunday for family and Church. He catches up by phone with his children, now 28 and 22 years old, and enjoys time with his wife, whom he married while still in prison.

He has complied with the conditions of supervision so well that his Probation Officer, Dinia Jerome, has no objection to his request for early termination. Officer Jerome reports that Mr. Melvin has been an easy charge throughout his time on supervision, and that he is required to report only every three months. In these circumstances, early termination would conserve valuable resources of the probation office and the criminal justice system as a whole.

Early termination also satisfies the relevant goals of sentencing. Mr. Melvin's conduct in the underlying prosecution demonstrates his willingness to take responsibility for his actions, which was the first step on the path of rehabilitation that he set for himself. He has not committed any other offenses, and he remains committed to being a law-abiding citizen. Mr. Melvin has spent almost two years on supervision, demonstrating throughout that time that he is determined to be a good man, a good father, and a good citizen. He is an excellent candidate for early termination of probation.

### IV.   Conclusion

Mr. Melvin is a man with plain and straightforward desires. He wants to work and to provide for his family, and work to be a better man and a happy person and enjoy freedom after a lengthy prison sentence. Mr. Melvin unequivocally has

no desire or intention of committing any further crime. Any additional period of punishment for him beyond what he has already served would be superfluous to afford adequate deterrence in this case, to further drive home the point that his conduct was wrong, or to serve the public good.

      For the foregoing reasons, defendant Cory Melvin respectfully requests that this Honorable Court terminate the remainder of his term of supervised release.

                                Respectfully submitted,

                                <u>s/ Louise Arkel</u>
                                Assistant Federal Public Defender

August 29, 2019

## CERTIFICATION OF SERVICE

I hereby certify that a copy of the instant motion and attachment was served electronically on the U.S. Attorney's Office on the 29th day of August, 2019.

                                                s/ Louise Arkel
                                                Assistant Federal Public Defender