**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

**UNITED STATES OF AMERICA**

v.

**Cory MELVIN,**

                    **Defendant.**

---

Crim. No. 09-343 (KM)

**MEMORANDUM OPINION
AND ORDER**

---

THIS MATTER comes before the Court upon the motion of the defendant, Cory Melvin, for early termination of his term of Supervised Release. (DE 59)

The court is empowered to terminate a term of supervised release "if it is satisfied that such action is warranted by the conduct of the defendant and in the interests of justice." 18 U.S.C. § 3583(e)(1). That statute requires the court to consider "the factors set forth in section 3553(a)(1), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7)." *Id.*[1]

---

[1]    Those factors, extracted from 18 U.S.C. § 3553(a), are as follows: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need for the sentence to reflect the seriousness of the offense, promote respect for the law, and provide just punishment, to afford adequate deterrence, to protect the public from further crimes of the defendant, and to provide the defendant with correctional treatment; (3) "the kinds of sentences available"; (4) "the kinds of sentence and the sentencing range established" for defendants with similar characteristics under the applicable Sentencing Commission guidelines and policy statements; (5) any pertinent policy statement of the Sentencing Commission in effect on the date of sentencing; (6) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (7) "the need to provide restitution to any victims of the offense." *United States v. Wilson*, No. CR 01-0553 (ES), 2017 WL 3332261, at *1 (D.N.J. Aug. 4, 2017)

There is no requirement of specific findings as to each factor, however. *Id.* at *1 n.3 (D.N.J. Aug. 4, 2017) (citing *United States v. Gammarano*, 321 F.3d 311, 315–16 (2d Cir. 2003) (finding that "a statement that [the district court] has considered the statutory factors is sufficient"); *United States v. Etheridge*, 999 F. Supp. 2d 192, 195 (D.D.C. 2013) (noting that district courts do not have to make a specific finding as to each factor)).

Early termination is warranted "only when the sentencing judge is satisfied that something exceptional or extraordinary warrants it," *United States v. Laine*, 404 F. App'x 571, 573–74 (3d Cir. 2010), or upon a showing of "new or unforeseen circumstances," *United States v. Davies*, 746 F. App'x 86, 89 (3d Cir. 2018). Compliance with the conditions of supervised release is expected, not exceptional; without more, compliance is not enough to warrant early termination. *See Laine*, 404 F. App'x at 574; *United States v. Senyszyn*, No. 06-CR-311, 2015 WL 3385520, at *1 (D.N.J. May 26, 2015).

On August 19, 2009, Mr. Melvin pled guilty to the entirety of a seven-count indictment which charged him with the following:

> one count of possession and transfer of a machine gun, 18 U.S.C. §§ 922(o)(1) & 924(a)(2);
>
> four counts of being a felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) & 924(a)(2);
>
> one count of aiding and abetting in a firearms dealing business, 18 U.S.C. §§ 2, 922(a)(1)(A), 923(a) & 924(a)(1)(D); and
>
> one count of conspiracy, 18 U.S.C. § 371.

On April 5, 2011, District Judge Cavanaugh (now retired) imposed a sentence that included 121 months' imprisonment, followed by a three-year term of supervised release. Mr. Melvin began serving his term of supervised release on November 28, 2017, just over 25 months ago.

While on supervised release, the defendant has resided in Florida. It is not disputed that he has adjusted very well to supervision and lived a law-abiding life. He has had no brushes with the law. He lives in a stable relationship with his wife and maintains contact with his adult children. He has employable skills and simultaneously holds two jobs, one of them requiring a commercial truck driver's license. One of the jobs is part-time, but the other requires him to work a 13-hour overnight shift five or six days per week. He attends church and exercises regularly.

Based on Mr. Melvin's record, his supervising probation officer in Florida has reduced his reporting requirements to once every three months. She does not object to this request for early termination.

On the other side, however, are the offenses of conviction, serious ones which pose a danger to the public. In addition, the Presentence Report establishes that at the time of sentencing, the defendant's criminal record included discharging a weapon into occupied property, simple assault, and drug trafficking. The indications are that the defendant was living a criminal lifestyle.

I do not minimize the challenges of turning one's life around. Maintenance of employment and staying clear of criminal activity are significant plus factors. They are, however, minimal requirements of supervised release, not special or unforeseen circumstances.

I note also that continued supervision is not so burdensome as to be counterproductive. Reporting once every three months is frankly no more than a nuisance. It should not interfere with Mr. Melvin's employment, family life, or efforts at rehabilitation. Supervised release is scheduled to expire some ten or eleven months from now; presumably Mr. Melvin must do no more than report satisfactorily three or four more times to fully discharge his obligations.

Mr. Melvin seems to be on the road to a law-abiding life, and I applaud him for it. In short, supervised release is working as intended. I regard that as an argument for letting this term run its course, not for terminating it.

Having given due consideration to the § 3553(a) factors, I will exercise my discretion to deny the motion for early termination of supervised release.

3

## ORDER

**IT IS THEREFORE** this 9th day of January, 2020,

**ORDERED** that the motion (DE 59) of the defendant, Cory Melvin, pursuant to 18 U.S.C. § 3583(e), for early termination of his term of supervised release is **DENIED.**

**KEVIN MCNULTY, U.S.D.J.**

4